# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY RAY RIVERA | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 16-5003 |
| JOSHUA HOBSON | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                      **January 11, 2019**

A Bethlehem, Pennsylvania man seeking damages arising from a Bethlehem police officer's alleged negligence in driving his police car into him while responding to a bar's call regarding the man's conduct outside of the bar may avoid the immunity provided to police officers in limited instances defined by Pennsylvania's Political Subdivision Tort Claims Act.[1] The Act provides "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."[2] Governmental immunity, however, is not absolute as Pennsylvania law allows liability against police officers for negligence arising from operating a car under certain conditions. We today address who bears the burden of proving this statutory exception to the officer's immunity which would allow a plaintiff to recover for a police officer's alleged negligence while driving his police car. After extensive oral argument on this issue of burden of proof as not yet addressed by a Pennsylvania appellate court, we will instruct the jury the burden of proof remains with the plaintiff seeking an exception to governmental immunity.

**I.**

Pennsylvania defines exceptions to governmental immunity where three conditions are met: (1) "the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having a defense under 42 Pa. C.S.A. § 8541"; (2) "the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his ... office or duties"; and (3) "the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa. C.S.A. § 8542(b)."[3] A plaintiff seeking to impose liability on a local Pennsylvania agency has the burden of demonstrating all three conditions have been met.[4] A plaintiff must satisfy "the two threshold conditions" of Section 8542(a)(1) and (a)(2) and, if he is able to satisfy these conditions, "he must then demonstrate that the alleged negligent act falls within one of the exceptions provided in Section 8642(b)," here the "vehicle liability" exception.[5] "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed."[6]

**II.**

The parties today dispute who bears the burden of proving the third condition necessary for an exception to governmental immunity: whether Officer Hobson's alleged negligence falls within the "vehicle liability" exception. The "vehicle liability" exception imposes liability for "[t]he operation of any motor vehicle in the possession or control of the local agency, ***provided that the local agency shall not be liable*** to any plaintiff that claims liability under this subsection ***if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer*** or knowingly aided a group, one or more of whose members

2

were in flight or fleeing apprehension or resisting arrest by a police officer."[7] The vehicle exception to governmental immunity "contains an exception to the exception, which prevents those who flee from or aid those fleeing from police from recovering for injuries brought upon by a police officer's operation of a vehicle in the course of attempting to stop or apprehend fleeing wrongdoers."[8]

Officer Hobson argues Mr. Rivera bears the burden of setting aside governmental immunity. Officer Hobson argues Pennsylvania law requires a plaintiff prove the three conditions to vitiate governmental immunity which includes the burden of proving not only Officer Hobson's alleged negligence falls within the exception but also proving Mr. Rivera was not in flight or fleeing apprehension. Mr. Rivera disagrees, arguing there is a shifting burden of proof under the vehicle liability exception. He concedes he has the burden of proving the vehicle liability exception initially but argues the burden shifts to Officer Hobson to show police acted to give cause for a reasonable person to know he is being asked to stop by police to remain immune from liability under the in flight exception. Mr. Rivera relies upon the Pennsylvania Commonwealth Court's 2014 *White v. City of Philadelphia* decision.[9]

In *White*, a Philadelphia police officer struck Gregory White with his unmarked police car while pursuing Mr. White who the officer suspected engaged in a drug transaction. During the drug transaction, Mr. White saw an unmarked car following him and began to flee. The officer did not identify himself or activate any lights or sirens on his unmarked police car. Mr. White sued the officer for negligence. The officer argued the in flight exception to the vehicle liability exception in Section 8542(b)(1) barred Mr. White's claim. The jury returned a verdict in favor of Mr. White and the officer appealed.

3

On appeal, the Commonwealth Court addressed whether, as a matter of law, a plaintiff must *know* he is fleeing apprehension by police to be considered a "fleeing suspect" or "in flight or fleeing apprehension ... by a police officer" under Section 8542((b)(1).[10] The officer argued police do not have a common law duty of care to fleeing suspects regardless of whether the fleeing suspect knows he is fleeing from a police officer; a plain reading of Section 8542(b)(1) shows there is an absolute statutory bar to recovery where a plaintiff flees from police regardless of whether the fleeing suspect knows he is fleeing from police; and even if Section 8542(b)(1) is ambiguous, statutory construction and case law establish a plaintiff's knowledge of pursuit by police is irrelevant for the in flight exception.[11]

The Commonwealth Court examined the question in the context of a duty of care analysis beginning with the Pennsylvania Supreme Court's decision in *Lindstrom v. City of Corry*.[12] In *Lindstrom*, the Pennsylvania Supreme Court held for purposes of Section 8542(a)(1) "a plaintiff cannot establish that damages would be recoverable under common law for the negligent acts of a local agency or its employees if the plaintiff is fleeing police apprehension, because a police officer does not owe a fleeing suspect a duty of care."[13] The Commonwealth Court applied the analytical framework of *Lindstrom* and its progeny to the in flight exception of Section 8542(b)(1), finding "a prerequisite to *Lindstrom's* doctrine that an officer has no duty of care to a fleeing offender is that the officer has first taken some action which would cause a reasonable person to know he is being asked to stop or otherwise realized he is being pursued by police" and Pennsylvania's "legislature presupposed that one could be considered 'in flight, or fleeing apprehension' only if he had reasonable cause to know he was being pursued by police."[14] This is an objective standard.[15] Mr. Rivera focuses on this language from *White* to support his argument the police

4

have the burden of proving they took some action sufficient to cause a reasonable person to know he is being asked to stop by police to come within the in flight exception.

### III.

Neither party cites authority addressing the burden of proof for the in flight exception in Section 8542(b)(1), and we found no cases addressing whether the burden shifts to the defendant local agency to prove the in flight exception to the vehicle liability exception. After studying Pennsylvania law, we conclude Pennsylvania law and policy underlying the legislative grant of governmental immunity with a limited exception requires the burden of proof remains with Mr. Rivera to show the vehicle liability exception applies, including proving the in flight exception does not apply to him.

First, the purpose of the Act does not support Mr. Rivera's burden shifting argument. The Pennsylvania Supreme Court instructs the "clear intent" of the Act is to insulate government officials from exposure to tort liability and strictly construes exceptions to immunity.[16] The Pennsylvania Commonwealth Court, examining the vehicle exception, found the purpose of the in flight exception is to "weed out wrongdoers from innocent bystanders injured in police pursuits and assure that wrongdoers do not get the benefit of the Commonwealth's tort protection for actions that may have endangered police officers and the public."[17] The Commonwealth Court in *Cornelius* found "the specific delineation of these two categories" – innocent bystanders and fleeing wrongdoers – "suggests that the General Assembly did not intend to remove all parties injured by the negligent operation of a police vehicle during a police pursuit from the class of individuals able to recover under the Tort Claims Act, ***but rather for innocent bystanders to remain eligible to recover*** from a local agency and its employees, if injured during a police pursuit

5

due to the negligent operation of a vehicle in the possession or control of the local agency."[18] *Cornelius* is consistent with the Commonwealth Court's decision in *Aiken v. Borough of Blawnox* reasoning the Pennsylvania legislature "amended the Act to exclude only fleeing criminals" from Section 8542(b)(1) but affording a cause of action for innocent bystanders injury by negligence in police pursuit.[19]

Second, *Lindstrom* and its progeny apply a duty of care analysis. As the court explained in *White*, "[t]he primary element in any negligence cause of action is 'that the defendant owes a duty of care to the plaintiff,'" a burden plaintiff carries in claim for negligence.[20] A plaintiff bears the burden of proving all the elements of a negligence claim under Pennsylvania law.[21] Officer Hobson contends the vehicle liability exception to immunity does not apply here because police owe no duty of care to a person in flight or fleeing apprehension from police. Mr. Rivera disputes this, contending he did not flee police at the time of the accident – a burden of proof he puts on Officer Hobson - and thus the police owe him a duty of care. Mr. Rivera relies on *White*, but *White* does not alter the duty of care analysis and burden on Mr. Rivera to prove the first element of a negligence claim. *White* held only "the legislature presupposed that one could be considered 'in flight, or fleeing apprehension' only if he had reasonable cause to know he was being pursued by the police." While this will require evidence police took some action to cause a reasonable person to know he is being asked to stop or otherwise realize he is being pursued by police – a disputed fact question to be resolved by the jury - it does not shift or alleviate the burden on Mr. Rivera to prove he was not "in flight" to bring himself within the exception to governmental immunity under Section 8542(b)(1).

6

We find nothing in the case law or in the legislative history and purposes of this limited exception to governmental immunity allowing us to shift this established burden. Mr. Rivera bears the burden of proof on all elements of the vehicle liability exception to a Pennsylvania police officer's immunity from negligence liability.

---

[1] 42 Pa. C.S.A. § 8541 *et seq.* ("Act").

[2] 42 Pa. C.S.A. § 8541. "Suits against municipal employees in their official capacities are treated as claims against the municipal entities that employ these individuals . . . because, in a suit against a municipal official in his official capacity, the real party in interest is the municipal entity and not the named official." *Lopez v. Maczko*, No. 02-8645, 2007 WL 2461709, at * 8 (E.D. Pa. Aug. 16, 2007) (quoting *Lakits v. York*, 258 F.Supp.2d 401, 405 (E.D. Pa. 2003)). Here, Mr. Rivera concedes his claim is brought against Officer Hobson in his official capacity.

[3] *Simko v. Cnty. of Allegheny*, 869 A.2d 571, 573-74 (Pa. Commw. 2005) (footnote omitted); 42 Pa. C.S.A. §§ 8542(a)(1), (2), (b).

[4] *Simko*, 869 A.2d at 574 (citing *Sweeney v. Merrymead Farm, Inc.*, 799 A.2d 972, 977 (Pa. Commw. 2002)); *see also Dreher v. Williamsport Parking Auth.*, No. 1868 C.D. 2011, 2012 WL 8695523, at *3 (Pa. Commw. Apr. 26, 2012) ("[t]he plaintiff bears the burden of demonstrating that all conditions for imposing liability upon a local agency have been met") (citing *Sweeney*, 799 A.2d at 977); *Dewees v. Haste*, 620 F.Supp. 2d 625, 641 (M.D. Pa. 2009) ("[t]he complaining party bears the burden of establishing that the allegedly tortious conduct comes within one of the eight statutory exceptions) (citing *Mickle v. City of Phila.*, 669 A.2d 520, 522-23 (Pa. Commw. 1996)); *City of Phila. v. Glim*, 613 A.2d 613, 616 (Pa. Commw. 1992) (claimant seeking to impose liability on a local agency has burden of proving three conditions).

[5] *White v. City of Phila.*, 102 A.3d 1053, 1058 (Pa. Commw. 2014).

[6] *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000) (citing *Kiley v. City of Phila.*, 645 A.2d 184, 185-86 (Pa. 1994)).

[7] 42 Pa. C.S.A. § 8542(b)(1) (emphasis added).

[8] *Cornelius v. Roberts*, 71 A.3d 345, 350 (Pa. Commw. 2013).

7

[9] *See* n.4, *supra.* We ordered the parties to address at our final pre-trial conference the burden of proof, with applicable case law, regarding governmental immunity under 42 Pa. C.S.A. §§ 8541, 8542 (ECF Doc. No. 95).

[10] *White*, 102 A.3d at 1057.

[11] *Id.*

[12] 763 A.2d 394 (Pa. 2000).

[13] *White*, 102 A.3d at 1058 (citing *Lindstrom*, 763 A.2d at 397) (footnote omitted). In *Lindstrom*, the Pennsylvania Supreme Court analyzed the question under the first prong of the three-part test for governmental immunity; whether damages would be otherwise recoverable under common law or statute creating a cause of action in the injury were caused by a person not have an available defense under § 8541 (governmental immunity generally). This requirement is defined in Section 8542(a)(1). The court did not analyze the issue under the vehicle liability exception of Section 8542(b)(1) because the in flight exception to the statute did not become effective until after the accident at issue in the case. Because the plaintiff failed to meet the threshold requirement under Section 8542(a)(1), the court did not reach the parties' argument regarding whether the claim falls within the vehicle liability exception or the effect of the in flight exception.

[14] *White*, 102 A.3d at 1059-60.

[15] *Id.* at 1059.

[16] *Lockwood*, 751 A.2d at 1139.

[17] *Cornelius*, 71 A.3d at 350 (citing *Lindstrom*, 763 A.2d at 398 n. 3).

[18] *Id.* (emphasis added).

[19] 747 A.2d 1282, 1285 (Pa. Commw. 2000).

[20] *White*, 102 A.3d at 1058, n.9 (quoting *Althaus v. Cohen*, 756 A.2d 1166, 1168 (Pa. 2000)).

[21] *Scampone v. Highland Park Care Center, LLC*, 57 A.3d 582, 596 (Pa. 2012).